IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No: 3:11-2177-JFA |
| | ) | |
| V. | ) | SUPERSEDING ORDER |
| | ) | |
| DALTON LEE MACKENZEE | ) | |
| | ) | |

This matter came before the Court upon motion of counsel for the defendant pursuant to Title 18, United States Code, Section 4241, to determine whether the defendant is competent to stand trial or to assist in the defense of the case. Based upon matters presented to the Court as well as actions by the defendant during the hearing held on August 1, 2012, the Court holds a ruling on the motion in abeyance pending receipt of further information regarding the condition of the defendant. This action is based on the following findings of fact and law:

1. The defendant is charged in a three-count indictment with threats against federal officers, in violation of Title 18, United States Code, Section 115(a)(1)(B).

2. During the pendency of this matter, Dr. Thomas V. Martin, a Columbia psychiatrist, has met with the defendant for the purpose of evaluating his condition and providing appropriate treatment. Dr. Martin has put the defendant on medications to deal with mental health issues diagnosed both by the United States Bureau of Prisons and by himself. Dr. Martin has advised the Court that although the defendant had made some progress in his treatment, he has also suffered setbacks. In particular, Dr. Martin has advised

that blood tests administered to test levels of medications have produced results that are not consistent with the level of drugs administered. This has raised concerns that the defendant may not be fully compliant with taking his medications.

3. Because of these difficulties, the Court lacks sufficient information from which it can conclude whether the defendant is currently competent to stand trial. These same difficulties raise a significant hurdle to diagnosing, evaluating, and treating the defendant's mental condition.

Based upon the foregoing, the Court concludes that the defendant should be transferred to a secure facility where Dr. Martin can have such access as is deemed necessary to provide diagnosis and treatment and to make necessary findings as to whether the defendant either is competent, or can be restored to competency, to stand trial. Accordingly, the Court directs the following:

A. The Court directs the United States Marshals Service to transfer the defendant from to the secure medical/psychiatric facility on Farrow Road known as GEO Medical (formerly known as Just Care).

B. The defendant shall be transferred to GEO for a period not to exceed 90 days without further order of the Court. While at the GEO facility, Dr. Thomas Martin shall have such access to the defendant as is deemed necessary by Dr. Martin for the purposes of diagnosing any mental disease or defect of the defendant, providing treatment and medication to the defendant, and monitoring compliance with medication and treatment protocols

deemed to be necessary and appropriate.

  C. Dr. Martin shall, as soon as is reasonably and medically practicable, but in no event more than 90 days from the filing of this Order without further Order of the Court, provide a written report detailing the diagnosis, if any, of the defendant, and advising whether the defendant is competent to stand trial. Based upon such report, the Court shall hold a hearing pursuant to Title 18, United States Code, Section 4241, and take such steps as are deemed necessary and appropriate.

## SPEEDY TRIAL

This case has previously been continued on multiple occasions because of the difficulties in diagnosing and treating the defendant's conditions. As to the instant Order, the Court finds that the case should be continued beyond the September 2012 term of court. Such time as is required to determine the mental competency of the defendant is excludable from Speedy Trial Act computations pursuant to Title 18, United States Code, Section 3161(h)(1)A).

In addition to the above findings a fact and law, the Court has weighed the rights of the defendant and the public in a speedy trial. In making this evaluation, the Court concludes that the integrity of the trial process, particularly the ability of the defendant and his attorney to work together in evaluating the case, weighs heavily in favor of continuing this case so that the above diagnoses and treatments can be completed. Furthermore, where a motion to determine competency of a defendant is under advisement before the Court, the Speedy Trial

Act contemplates additional time to resolve such issues. Accordingly this case is hereby continued beyond the September 2012 term of court. The extended time called for by this Order is excludable under the provisions of Title 18, United States Code, Sections 3161(h)(1)(A) and 3161(h)(8)(A). This order supersedes the order filed in this matter on August 1, 2012 (ECF No. 53).

    IT IS SO ORDERED.

August 2, 2012                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                United States District Judge